FROM IREDELL.
His Honor informed the jury that malice aforethough [aforethought] was an indispensable ingredient to the crime of murder; that it meant a (270) wicked, depraved and diabolical temper, moving the party either deliberately to kill his fellow, or to kill without a legal provocation. That in cases where the prisoner had a right to use force, as in that of a parent correcting his child, the exact degree of force necessary to attain the object in view was not measured with golden scales, but that the like reason did not apply to the present case, as the prisoner had no right to use any degree of force. That if they believed the prisoner was moved to perpetrate the homicide by the provoking language of the deceased he was guilty of murder.
The prisoner was found guilty of murder, and judgment of death being awarded, he appealed to this Court.
It cannot well be denied that the circumstances attending the homicide set forth in this record, legally speaking, constitute a case of murder; and if so, it is contended with much strength of argument that the testimony offered in relation to the prisoner's violent temper ought not to influence the decision of the case, because if it had been proved that he possessed a mild and peaceable disposition it would still be a case of murder. I am not disposed to controvert this proposition. But in the consideration of this case it must be kept in view that by the Constitution of the State it is declared that no freeman shall be convicted of any crime but by the unanimous verdict of a jury of good and lawful men, delivered in open Court.
Now if it could be reduced to a moral certainty that juries could and would at all times, in the discharge of their duties, strictly adhere to the law which defines murder the reasoning would be unanswerable. But, from the nature of things, this is not to be expected. It is the nature of man to lean in favor of an unfortunate criminal when he is *Page 173 
surrounded with a good character. Our feelings are too often indulged at the expense of the understanding, whether friendship or hatred be the food they feed upon. It is, therefore, of much importance that the rules of evidence should be strictly adhered to — one of which is that evidence of the prisoner's general character shall not, against his consent, and at the instance of the prosecutor, be given in evidence against him unless the nature of the charge renders it necessary. This, however, is not that case.
I am pretty well persuaded that it was not the object of the Judge to impugn this rule. The question, which I think a departure from it, was put upon the heels of one which was asked by the prisoner's counsel, which was intended to establish the fact that the prisoner, on account of weakness of mind, was not altogether an accountable being. The question asked respecting the violence of his temper related more to the qualities of the heart and the nature of disposition. I am (278) of opinion that the prisoner's counsel, by asking that question, did not put the defendant's character in issue. The question that followed did so, to a certain extent. It brought forth the answer that he was a man of violent temper. This might have had an effect with the jury unfavorable to the prisoner. It may seem to be a small circumstance for which to grant a new trial, but it possibly may be one on which the prisoner's life depends. The rules of evidence in favor of life cannot be too closely adhered to. I am of opinion that a new trial should be awarded.
HENDERSON, C. J., concurred.